{¶ 54} I respectfully dissent, for I believe the majority opinion does damage to the well-settled area of law dealing with oral contracts. In this matter, no one disputes the existence of a written contract for paving. The narrow question that remains, however, is the authority of the paving company to add on to that contract based upon an alleged phone conversation between the deceased office manager of the general contractor and the chief financial officer and administrator of the church. On the basis of the alleged oral contract, the cost to the church significantly increased without any evidence that it had ever agreed to the additional work or the increased cost.
 {¶ 55} As stated by the Supreme Court of Ohio, "[i]n order to declare the existence of a contract, both parties to the contract must consent to its terms * * *; there must be a meeting of the minds of both parties * * *; and the contract must be definite and certain."[2] Therefore, in order to prove an enforceable contract, there must be a meeting of the minds of the parties to the contract.[3]
 {¶ 56} In the instant matter, we are asked to believe that an oral contract was made over the phone, from the job site to the church office, and that this oral exchange constituted the "new" contract. The trial court and the majority seem willing to assume that consent was given by someone in authority in the church. I am unwilling to make such an assumption, because one of the parties to the alleged phone conversation is deceased, and the other party to the conversation denies that such consent was ever given. With those facts, there is no way the trial court find that there was a meeting of the minds.
 {¶ 57} The testimony in support of a contract was given by the deceased office manager's employer, but he was not a party to the alleged conversation. His testimony was that the deceased office manager told him that a church official had authorized the oral contract. The employer did not know from his own personal knowledge whether there ever was such a conversation, and, if there was, whether the church official actually authorized the additional paving. His testimony on this point was not competent and constituted hearsay.
 {¶ 58} "It is settled law that if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to determine what the agreement is and to enforce it without, in effect, `making a contract for the parties,' no enforceable obligation results."[4]
 {¶ 59} At the court of appeals level, we do not create paving contracts. In this matter there was a clear, unambiguous contract for the sum of $47,000. Anyone performing additional services at that job site, for which he intended to be paid more than $47,000, was in need of an additional contract. The evidence adduced at trial was not competent to establish that a new oral contract was entered into, and, as a matter of law, you cannot have an oral contract without competent evidence of its existence and agreement by both parties.
 {¶ 60} The matter should be reversed and judgment entered for the church, as no oral contract was proven.
[2] (Citations omitted.) Episcopal Retirement Homes, Inc. v.Ohio Dept. of Indus. Relations (1991), 61 Ohio St.3d 366, 369.
[3] Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79.
[4] (Citations omitted.) Litsinger Sign Co., Inc. v. TheAmerican Sign Co., Inc. (1967), 11 Ohio St.2d 1, 14.